IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAUNA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv674-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff, Shauna Davis, applied for disability insurance benefits and supplemental security income benefits under Titles II & XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision on May 7, 2010, in which he found Plaintiff not disabled from the application date, to the date of the decision. Tr. 13-33. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986); 20 C.F.R. §§ 404.981, 416.1481 (if the Appeals Council denies a party's request for review, the ALJ's

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

decision is binding). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 9). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating

claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-nine years old at the time of the hearing before the ALJ and held at least a high school education. Tr. 32. Plaintiff's past relevant work experience was as a counter clerk, hostess, cashier, and child care attendant. *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2007 (Step 1). Tr. 15. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "status post 2 mild cardiovascular attacks and reported history of transient ischemic attack with little residuals; history of cerebr[]ovascular accident with embolic stroke with temporary left-sided paralysis, resolved with no residuals; status post cholecystectomy with history of cholelithiasis; history of ovarian cysts; asthma; hypertension; gastroesophageal reflux disease; chronic bilateral shoulder pain s/p history of bilateral shoulder dislocations s/p arthroscopic labral repair, right; hepatis B with acute episode; anemia secondary to iron deficiency; status post history of motor vehicle accident with closed head injury; TMD with myofascial pain; major depressive disorder; hemorrhoids; microcystic anemia; obesity; depressive disorder NOS; and history of alcohol abuse, with possible dependence. Tr.15-16. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 16. Next, the ALJ found that Plaintiff retained the RFC to perform light work with several

mental, non-exertional, and environmental limitations. Tr. 22. The ALJ then determined that Plaintiff "is capable of performing past relevant work." (Step 4) Tr. 32. Considering Plaintiff's "age, education, work experience, and [RFC]," and after consulting the VE, the ALJ also determined that "there are jobs that exist in significant numbers in the national economy" that Plaintiff can perform, including: "server," "hostess," "child care attendant," and "cashier." (Step 5) Tr. 32-33. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . [from the alleged onset date] through the date of th[e] decision." Tr. 33.

## IV.  PLAINTIFF'S CLAIM

Plaintiff presents one issue for this Court's consideration in review of the ALJ's decision: "Whether the Appeals Council erred by failing to remand Plaintiff's case to the ALJ on the basis of new evidence." Pl.'s Br. (Doc. 12) at 2.

## V.  DISCUSSION

Plaintiff argues that this case should be remanded because she "presented new, non cumulative, material evidence to the Appeals Council." Pl.'s Br. (Doc. 12) at 8. The specific evidence to which Plaintiff points, are hospital records related to her admissions in March and May of 2010. The Commissioner argues that remand is inappropriate because the evidence is neither new, nor material evidence. Def.'s Br. (Doc. 14) at 6.

"[W]hen a claimant properly presents new evidence to the Appeals Council [and the Appeals Council denies review], a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d

1253, 1262 (11th Cir. 2007). When reviewing the Appeals Council's denial of review, the Court must "look at the pertinent evidence to determine if the evidence is new and material." *Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010) (quoting *Falge v. Apfel,* 150 F.3d 1320, 1324 (11th Cir. 1998)). "'New' evidence is evidence that is non-cumulative, and 'material' evidence is evidence that is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Id*. (quoting *Milano v. Bowen,* 809 F.2d 763, 766 (11th Cir. 1987)).

Putting aside the Commissioner's arguments that the hospital records are not "new" the court finds that the evidence is not "material." Plaintiff's argument on the subject is that "the evidence relates to the nature and severity of plaintiff's cerebrovascular impairment at a time shortly after the hearing" . . . "and supports that the impairment was likely of significantly greater severity than determined by the ALJ at the time of the Decision, and could possibly change the outcome of the decision." Pl.'s Br. (Doc. 12) at 7. Plaintiff does not explain how the records could have changed the outcome.

The RFC in this case is quite extensive. That is because, after finding that Plaintiff could perform light work, the ALJ went on to record a number of limitations. Those limitations included mental limitations such as: the ability to make judgments on simple work related decisions; the ability to understand and remember complex instructions; the ability to carry out complex instructions; the ability to make judgments on complex work-related decisions; the ability to interact with the public, supervisors, and co-workers; and the ability to respond appropriately to ususal work situations and to changes in a routine work

setting. Tr. 22. The RFC limitations also included environmental and non-exertional limitations. *Id*. In making the RFC determination, the ALJ took into consideration Plaintiff's "severe" impairment of a history of cerebrovascular accidents and how that impairment had led to temporary and non-residual paralysis. Plaintiff does not present evidence or argue that the new records indicate a change in that impairment that would alter the ALJ's determination. Thus, Plaintiff has failed to show that the records create a reasonable possibility that it would change the administrative result. *See, e.g., Archer v. Comm'r of Soc. Sec.*, 176 F. App'x 80, 82 (11th Cir. 2006) (finding that new evidence failed the materiality test where nothing associated with the new evidence limited the claimant's ability to do light work). Plaintiff simply asserts that the records indicate that she likely suffered the impairment more severely than the ALJ determined, but does not explain how that would result in a change in the RFC determination, the ultimate finding. The Court will not assume arguments on Plaintiff's behalf, because "[Plaintiff] bears the burden to establish that the new evidence is material." *Allen v. Barnhart*, 174 F. App'x 497, 500 (11th Cir. 2006) (citing *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985)).

Moreover, the new, material evidence must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Plaintiff makes no argument that the records establish that this possible impairment relates back to the relevant time period. *See, e.g., Archer,* 176 F. App'x at 82 ("With a degenerative disease, in the absence of repeated tests, the extent of the progression of the disease at any given time is not known. Thus, there is no way of knowing whether the new evidence related to the

complaints relative to the time period before the ALJ.").

The ALJ clearly considered Plaintiff's cerebrovascular condition in developing the RFC. The Court has reviewed the ALJ's RFC in connection with the new evidence and finds that it is not "material" in that is does not create a reasonable probability that it would change the administrative result, nor does it establish that the information therein relates back to the relevant time period.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 21st day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE